# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Tiffany J. Wiggins,

               Plaintiff,

                             Case No. 19-13317

v.

                             Judith E. Levy

Commissioner of Social Security,   United States District Judge

              Defendant.    Mag. Judge David R. Grand

_____/

## OPINION AND ORDER ADOPTING THE FACTUAL FINDINGS BUT REJECTING THE LEGAL CONCLUSIONS IN THE REPORT AND RECOMMENDATION [15], SUSTAINING THE GOVERNMENT'S OBJECTIONS [16], GRANTING THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT [12], AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11]

Before the Court is Magistrate Judge David R. Grand's Report and Recommendation ("R&R") (ECF No. 15) recommending that the Court deny Defendant Commissioner of Social Security (the "Government")'s motion for summary judgment, (ECF No. 12), grant Plaintiff Tiffany Wiggins' motion for summary judgment, (ECF No. 11), and remand this case for further proceedings before the Administrative Law Judge

("ALJ"). Defendant submitted two objections to the R&R. (ECF No. 16.) Plaintiff did not respond.

For the reasons set forth below, both of the Government's objections are SUSTAINED. The Court ADOPTS the factual findings in the Report & Recommendation and REJECTS the legal conclusions. The Court GRANTS the Government's motion for summary judgment and DENIES Plaintiff's motion for summary judgment.

## I.    Background

The Court has carefully reviewed the R&R and is satisfied that it is a thorough account of the relevant portions of the record. The factual and procedural background from the R&R are incorporated as if fully set forth herein.

## II.   Legal Standard

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)–(C); Fed. R. Civ. P. 72(b)(1)–(3). "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to specify the part of the order, proposed findings,

recommendations, or report to which [the party] objects and to state the basis for the objection." *Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018) (internal citations omitted). Objections that restate arguments already presented to a magistrate judge are improper, *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)), as are those that dispute merely the general correctness of the report and recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

The Supreme Court recently addressed the standard the district court must apply when conducting its de novo review. In *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), the Court explained that the phrase "substantial evidence" is a "term of art." *Id.* (internal citations omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* (internal citations omitted). "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (internal citations omitted). Specifically, "[i]t means—and means only—'such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (internal citations omitted).

## III.   Analysis

The Government lodges two objections to Judge Grand's R&R:

1) At step two, Magistrate Judge Grand improperly reweighed the evidence to conclude that substantial evidence contradicted the ALJ's step-two finding that Plaintiff's carpal tunnel syndrome (CTS) was a non-severe impairment; and

2) At step two, Magistrate Judge Grand erred in finding that the ALJ insufficiently discussed Plaintiff's CTS in determining her Residual Function Capacity (RFC).

(ECF No. 20.) For the reasons below, these objections are SUSTAINED.

## Objection 1

The Government's first objection is that Judge Grand impermissibly reweighed the evidence in concluding that the ALJ's step-two CTS determination was not based on substantial evidence. (ECF No. 16, PageID.1642.)

In determining whether an individual is "disabled" within the meaning of the Social Security Act, the ALJ must perform the following five-step sequential analysis:

4

**Step One**: If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.

**Step Two**: If the claimant does not have a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities," benefits are denied without further analysis.

**Step Three**: If the claimant is not performing a substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets ore quals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education, or work experience.

**Step Four**: If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.

**Step Five**: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that the claimant can perform, in view of his or her age, education, and work experience, benefits are denied.

*Scheuneman v. Comm'r of Soc. Sec.*, No. 11-10593, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. § 404.1520).

In this case, the ALJ found at step two that Plaintiff's CTS was not a severe impairment. In his R&R, Judge Grand recommended that the Court reverse this determination. (ECF No. 15, PageID.1628.) In its objection, the Government argues that Judge Grand placed improper weight on Plaintiff's own subjective reports, as well as on the medical

5

opinions of Dr. Lerner and Dr. Jankowski, in concluding that there was not substantial evidence to support a finding that CTS is a non-severe impairment. The ALJ's finding as to the carpal tunnel diagnosis is as follows:

> Dr. Lerner conducted a nerve conduction study on December 18, 2014 of the claimant's upper extremities, which showed mild bilateral carpal tunnel syndrome (Exhibits 2F, pg. 21 and 15F, pg. 71) . . . [this] additional impairment do[es] not significantly limit the claimant's ability to perform basic work activities as required by SSR 85-28. Thus, the undersigned finds these additional alleged impairments are nonsevere."

(ECF No. 9-2, PageID.47.)

In concluding that this finding was not supported by substantial evidence, Judge Grand found the following:

> First, the ALJ fails to note that, in the December 2014 nerve conduction study she cites, physical therapy and analgesic medications are recommended, as well as a *neurosurgical consultation*. (Tr. 405). It is hard to imagine that surgery would be contemplated if Wiggins' CTS did not significantly limit her physical ability to perform basic work activities. *See* 20 C.F.R. § 404. 1520(c). Indeed, on July 22, 2015, when Wiggins continued to complain of hand and wrist pain, Dr. Lerner prescribed bilateral wrist splints to address her CTS. (Tr. 418-19). She also issued a Disability Restriction Letter that same day, indicating that Wiggins should not lift over five pounds and should not engage in pushing, pulling, or

6

repetitive gripping until August 19, 2015, because of her CTS. (Tr. 420). These restrictions continued over time (*E.G.*, Tr. 425).

Moreover, in addition to this nerve conduction study—which showed diagnostic evidence of CTS—and the prescribed bilateral wrist splints, the record is replete with other evidence that Wiggins' CTS causes pain, cramping, numbness, and tingling in both hands, which would undoubtedly interfere with her ability to lift, push, pull, reach, carry, and handle. (*E.g.*, Tr. 492 ("numbness in hands" in 2015); Tr. 808, 815 (weakness, numbness, and tingling in bilateral hands in 2015); Tr. 822, 824, 826 (positive Tinel's sign in 2015); Tr. 585-86 (at a new patient appointment with Violette Henein, M.D. in December 2015, numbness and tingling reported in the bilateral hands and resting tremor observed in the right hand); Tr. 579, 582 (pain, numbness, and tingling in the bilateral hands in early 2016)).

On April 20, 2016, one of Wiggins' treating physicians, David Jankowski, D.O., completed a Medical Assessment of Ability to Do Work Related Activities (Physical). (Tr. 506-09). Although the ALJ referenced Dr. Jankowski's opinion regarding lifting, carrying, standing, and walking (Tr. 21), she made no mention at all of Dr. Jankowski's opinion that Wiggins has significant limitations with reaching, handling, and fingering, and could never perform any of these activities (Tr. 507). Throughout 2016, Wiggins continued to report numbness, tingling, pain, and burning in her bilateral hands. (Tr. 516, 576, 792, 837, 839, 1000). And, at times that year, she had swelling and/or reduced strength in the bilateral hands, as well as decreased sensation over the thumb to light touch bilaterally and a resting tremor in her right (dominant) hand. (Tr. 518, 524, 570, 576, 1000, 1258). The same was true

throughout 2017 and 2018. (Tr. 1004, 1009-10, 1014, 1017, 1020, 023, 1236, 1277, 1282, 1305, 1333, 1340, 1352, 1371-72, 1404). As set forth above, then, the ALJ's finding that Wiggins' CTS does not create more than *de minimis* work-related limitations is contradicted by significant portions of the record.

(ECF No. 15, PageID.1632-1634.)

In its first objection, the Government argues that the findings above constitute an improper re-weighing of the record evidence. The Court agrees. While the Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision, *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)), "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Ultimately, the ALJ's decision "cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the

conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

Judge Grand's decision relies heavily on the medical findings and opinions of Drs. Jankowski and Lerner. However, the ALJ also addressed these findings and provided reasons for discounting them. The ALJ's opinion summarizes the objective medical and opinion-based findings of both Dr. Jankowski and Dr. Lerner, and assigns them little weight for the following reason:

> The undersigned finds the disability opinions from both Dr. Lerner and Dr. Jankowski are finite and both infringe on the area of disability reserved to the Commissioner of Social Security under 20 CFR §§ 404.1527(d). Therefore, the undersigned assigns no weight to these treating source opinions. As to the balance of Dr. Lerner's and Dr. Jankowski's treating source opinions dealing with functional limitations, the undersigned gives them little weight because they are not consistent with their own treatment records. Furthermore, the undersigned finds Dr. Jankowski's extensive limitations are not supported by the conservative longitudinal treatment history and mild objective findings, outlined above.

9

(ECF No. 9-2, PageID.53.) Additionally, other medical evidence in the record discounts the findings of Drs. Jankowski and Lerner.[1] For example, state agency physician Dr. Langham's expert opinion evaluated Plaintiff's EMG study, a variety of her subjective hand/arm complaints, exam reports, and various disability certificates, and concluded that Plaintiff had no manipulative limitations.[2] (ECF No. 9-2, PageID.125-126.)

---

[1] The Government additionally argues that Dr. Lerner and Dr. Jankowski's reports are suspect because the two doctors were subsequently indicted for various medical malpractices and have both since had their medical licenses suspended. Specifically, the Government argues that Dr. Lerner was "convicted of health care fraud in this district in 2016" for, "between 2008 and 2015 . . . lur[ing] patients to his clinic with prescriptions for unnecessary controlled substances; knowingly provid[ing] false statements to Medicare about the services he provided; and conduct[ing] unnecessary office visits and tests." (ECF No. 16, PageID.1645-1646.) As to Dr. Jankowski, the Government argues that "Dr. Jankowski was indicted in this district on June 7, 2017, on counts of conspiracy to distribute controlled substances and attempt and conspiracy to commit health care fraud." (*Id.* at PageID.1649.)

The Government argues that affirming Judge Grand's opinion would potentially render remand futile because "the ALJ would have discretion to consider [the doctors'] records and opinions under one of the enumerated 'good cause' exceptions, but only if there were no reason to believe that fraud was involved in the production of that evidence." (*Id.* at PageID. 1646-1647.)

However, the Court need not analyze the impact of this argument or speculate on the futility of a remand, because the Court sustains both of the Government's objections for the reasons above.

[2] As the Government acknowledges, the ALJ did not formally adopt Dr. Langham's expert opinion because more recent evidence supported an *exertional* limitation to sedentary work. (*See* ECF No. 9-2, PageID.52 ("the consultant did not consider evidence submitted at the hearing level, which requires a sedentary residual

As to Plaintiff's subjective reports of pain, the ALJ did not find them to be borne out by the objective medical evidence. "A subjective allegation of disabling symptoms alone is insufficient; the claimant must substantiate the symptoms by objective clinical or lab findings." *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 498 (6th Cir. 2006). Regardless, the ALJ did take Plaintiff's subjective reports into consideration at a later point in the opinion when she concluded that Plaintiff did indeed have mild bilateral CTS that caused some limitation in her movement: "with that right dominant upper extremity, [Plaintiff] could use it for grasping or gross manipulation and fingering or fine manipulation but only on a frequent basis but not a constant basis." (ECF No. 9-2, PageID.48.) *See Bradford v. Sec'y of Health & Human Servs.*, 803 F.2d 871, 873 (6th Cir. 1986) (the ALJ's decision should be read as a whole).

To be clear: the severity of Plaintiff's CTS is a close case. And the Court agrees with Judge Grand that substantial evidence exists to support the position that Plaintiff's CTS is a severe manipulative

---

functional capacity, as noted above").) However, Dr. Langham's conclusion that there were no *manipulative* limitations bolsters the ALJ's compatible conclusion and independent discounting of the contrary medical evidence.

limitation. However, substantial record evidence *also* exists to support the contrary position reached by the ALJ, and accordingly the Court must affirm. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) ("if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion").

Accordingly, the Government's first objection is SUSTAINED.

## A.   Objection 2

The Government's second objection argues that Magistrate Judge Grand erred in finding that the ALJ insufficiently discussed Plaintiff's CTS in determining her RFC. (ECF No. 15, PageID.1656.)

The ALJ's findings as to the CTS in the RFC were as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except . . . with that right dominant upper extremity, she could use it for grasping or gross manipulation and fingering or fine manipulation but only on a frequent basis but not on a constant basis.
>
> …
>
> The undersigned further finds the claimant could use her right dominant upper extremity for grasping or gross

manipulation and fingering or fine manipulation but only on a frequent basis so not a constant basis supported by a normal physical examination report (Exhibit 25F, pg. 25). On January 12, 2018, Dr. Bitkowski noted she had normal range of motion of the upper extremities with 5/5 strength and no gross abnormalities (Exhibit 25F, pg. 25).

(ECF No. 9-2, PageID.48, 52.) In determining that this discussion was insufficient, Judge Grand concluded the following:

> [W]hile the ALJ did in fact consider the effects of [Plaintiff's] CTS on her RFC (Tr. 19), the ALJ's analysis and ultimate conclusion in this respect are not supported by substantial evidence because the ALJ failed to discuss significant competing record evidence regarding [Plaintiff's] CTS.
>
> . . .
>
> The problem with the ALJ's analysis, however, is that she relies on *a single page* from a record in excess of 1500 pages to support her finding as to [Plaintiff's] abilities to perform fine and gross manipulation. Despite all of the other evidence discussed above—including EMG evidence of bilateral CTS; a prescription for wrist splints; numerous references to a resting tremor in the right hand; numerous reports of pain, cramping, numbness, and tingling in both hands over a period of several years; findings of decreased strength; decreased sensation over the thumb to light touch bilaterally; and a positive Tinel's sign—the ALJ simply failed to discuss, let alone meaningfully weigh, these findings in favor of a single note from one visit to a physician in early 2018. Moreover, the Court notes that, in April 2016, Dr. Jankowski opined that [Paintiff] has significant limitations with reaching, handling, and fingering, and could never perform any of these activities

13

(Tr. 507). The Court also notes that at the hearing, it was noted that Wiggins' right hand was trembling, and she testified that it was like that 'constantly' and caused her to be 'very clumsy' when using it. (Tr. 46-47). Considering all of this evidence, the ALJ's reliance on a single note in which one doctor found normal strength and range of motion in the upper extremities (Tr. 1323) does not allow the Court to conclude that the ALJ's incorporation of [Plaintiff's] CTS into her RFC is supported by substantial evidence . . . . Rather, a thorough and even weighing of the competing evidence by the ALJ is required to develop a proper RFC.

(ECF No. 15, PageID.1636-1637.)

When making an RFC determination in which a severe impairment is found, "the combined effects of all impairments must be considered, even if other impairments would not be severe." *White v. Comm'r of Soc. Sec.*, 312 Fed. Appx. 779, 787 (6th Cir. 2009). Additionally, it is well established that an ALJ need not discuss every treatment note to show it was considered. *Kornecky*, 167 Fed. Appx. at 508 ("[A]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as h[er] factual findings as a whole show that [s]he implicitly

resolved such conflicts.") (citing *Loral Defense Systems-Akron v. N.L.R.B.*, 200 F.3d 436, 453 (6th Cir. 1999)).

The Government's objection is sustained because the ALJ's opinion demonstrates that she took into consideration the relevant objective and subjective medical testimony regarding Plaintiff's CTS. As set forth above, substantial evidence supports the ALJ's determination regarding the severity of Plaintiff's CTS and the medical impact that it has on Plaintiff's RFC. It is clearly established that the ALJ need not repeat her explicit findings during the RFC discussion if those findings appear elsewhere in the opinion. *See Bradford*, 803 F.2d at 873 (the ALJ's decision should be read as a whole).

Accordingly, the Government's second objection is SUSTAINED.

## IV.   Conclusion

For the reasons set forth above, the Government's objections (ECF No. 16) are sustained. Accordingly, the factual findings in the Report and Recommendation (ECF No. 15) are **ADOPTED**, the legal conclusions in the Report and Recommendation are **REJECTED**, the Government's motion for summary judgment (ECF No. 12) is **GRANTED**, and Plaintiff's motion for summary judgment (ECF No. 11) is **DENIED**.

IT IS SO ORDERED.

Dated: March 31, 2021                    s/Judith E. Levy
Ann Arbor, Michigan                      JUDITH E. LEVY
                                         United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 31, 2021.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

16